THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. ALLEN ROBINSON, Petitioner-Appellant.

Second District   No. 2—00—0197

Opinion filed September 7, 2001.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Deborah L. Mahoney, of Chicago, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Catherine A. Voigt, of Glen Ellyn, for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

On May 24, 1995, petitioner, Allen Robinson, pleaded guilty but

mentally ill to first-degree murder (720 ILCS 5/9—1(a)(1) (West 1994)), and he was sentenced to 40 years' imprisonment. Petitioner appealed his sentence to this court, arguing that his sentence was excessive. This court affirmed. See *People v. Robinson*, No. 2—97—0309 (1998) (unpublished order under Supreme Court Rule 23). Petitioner filed an untimely *pro se* postconviction petition claiming, among other things, that his plea was not made knowingly and intelligently. The trial court found that the petition was neither frivolous nor patently without merit and appointed counsel to represent petitioner. The State moved to dismiss, and petitioner's postconviction attorney did not oppose the motion. The trial court granted the motion to dismiss, and petitioner timely appealed to this court. Petitioner's postconviction appellate counsel moved to withdraw, and this court denied the motion. Petitioner now argues that his postconviction trial counsel did not provide him reasonable representation. Petitioner also claims that the trial court erred when it dismissed his petition because the record revealed that his severe mental disabilities prevented him from filing a timely petition. We reverse and remand with directions.

The record is riddled with information concerning petitioner's severe mental disabilities. The record reveals that petitioner has suffered from debilitating mental problems for most, if not all, of his life. For example, when petitioner was 12 years old, he could not count to 12, and he did not know how many pennies were needed to equal the worth of a nickel. Petitioner could not describe the similarities between a wheel and a ball, did not know what to do if he saw smoke coming from a neighbor's house, and did not know that he needed to look both ways before crossing the street. At 14 years old, petitioner was still wetting the bed.

In the 1980s, petitioner was given an intelligence test, and the test revealed that petitioner had a full-scale IQ of 40. Further tests revealed that 9,997 out of 10,000 adults could read and work math problems better than petitioner. Petitioner was awarded social security benefits when the Social Security Administration found that petitioner was functionally and vocationally unqualified for *any* type of employment. Given this background, it is not surprising to discover that psychologists evaluated petitioner, who is also illiterate, as functioning at the level of an eight-year-old. Psychologists also noted that "[i]t was apparent that [petitioner] confuses concepts such as before and after. When [petitioner was] asked which school he attended after [he was expelled from one school], he responded with [the name of] a prior school."

Before petitioner pleaded guilty, a fitness hearing was held. At the first fitness hearing, petitioner was found unfit to stand trial. In mak-

ing this determination, the trial court noted that during the hearing petitioner sat in a catatonic-like state in excess of one hour. The court considered whether petitioner was feigning any type of mental disorder, and the court found that petitioner's actions were genuine.

At the hearing on the State's motion to dismiss petitioner's *pro se* postconviction petition, petitioner's postconviction counsel filed his certificate of compliance with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). The trial court then asked whether petitioner was present. Petitioner's postconviction counsel, in explaining petitioner's absence, advised the trial court as follows:

> "I have specifically requested of [petitioner] to provide me with any information or allegation regarding why [the petition] was filed later than 3 years after the date of conviction, specifically quoting to [petitioner] the statutory provision that the Statute of Limitation can be tolled upon the showing that the filing was not due to [petitioner's] culpable negligence. [Petitioner] has repeatedly informed me that he believes the [p]etition was timely filed, without any explanation as to the timeliness of the filing."

The court specifically asked petitioner's postconviction counsel if he had any facts that would show that petitioner's delay in filing his petition was due to something other than petitioner's own culpable negligence. Petitioner's attorney said "I do not, Your Honor. I have specifically sent letters to [petitioner] requesting information in that regard from him." The trial court granted the State's motion to dismiss, and petitioner appealed. On appeal, this court denied petitioner's postconviction appellate counsel's motion to withdraw, and this appeal followed.

The question with which we are presented is whether a petitioner in a postconviction cause can be found culpably negligent for failing to file a timely petition when the petitioner is severely mentally challenged. A necessary corollary to this inquiry is whether the petitioner's postconviction counsel acted unreasonably when he failed to advise the trial court about petitioner's mental condition and never advanced the petitioner's mental inabilities as the reason for the late filing of the petition.

●1 Petitioner first claims that the trial court should have reviewed the record before it granted the State's motion to dismiss petitioner's postconviction petition. Petitioner claims that, if the trial court had examined the record, the court would have understood that petitioner's mental condition may have prevented petitioner from filing a timely postconviction petition. We conclude that the trial court is under no such obligation to search the record for a basis upon which to find an excuse for the late filing of a petitioner's postconviction petition. In

reaching this conclusion, we note that the petitioner bears the burden of establishing that his delay in filing a postconviction petition was not the result of his own culpable negligence. See *People v. Van Hee*, 305 Ill. App. 3d 333, 336 (1999).

●2 Petitioner next argues that his postconviction trial counsel did not provide him reasonable assistance. The right to counsel in post- conviction proceedings is entirely statutory. See 725 ILCS 5/122—4 (West 2000). Thus, postconviction petitioners are entitled to only the level of assistance that is provided for in the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires postconviction counsel to provide "reasonable assistance" to a petitioner. *People v. Williams*, 186 Ill. 2d 55, 60 (1999). In that regard, Supreme Court Rule 651(c) delineates the specific duties that postconviction counsel should complete when representing a petitioner. See 134 Ill. 2d R. 651(c). Rule 651(c) requires postconviction counsel to (1) consult with the petitioner either by mail or in person and ascertain upon what basis the petitioner claims a constitutional deprivation, (2) examine the record of the trial court proceedings, and (3) make any necessary amendments to the petitioner's *pro se* postconviction petition. 134 Ill. 2d R. 651(c). The dismissal of a postconviction petition without an evidentiary hearing is reviewed *de novo*. *Williams*, 186 Ill. 2d at 59-60.

In *People v. Montgomery*, 45 Ill. 2d 94, 95 (1970), the petitioner argued that his delay in filing his postconviction petition was due to the petitioner's mental illness. In support of this contention, the petitioner attached to his petition reports that various psychiatrists wrote regarding the petitioner's mental condition *while* incarcerated. *Montgomery*, 45 Ill. 2d at 95. The trial court found that the petitioner's mental condition did not excuse the petitioner's delay in filing the petition. Nevertheless, the trial court examined the allegations advanced in the petitioner's petition and dismissed the petition on the merits. Our supreme court affirmed, noting that the petitioner's mental condition did not suggest that the delay in filing the petition was due to something other than the petitioner's own culpable negligence. *Montgomery*, 45 Ill. 2d at 96. More specifically, the court noted that "[t]he [psychiatric] reports generally indicate a condition of mental disturbance, but it does not appear that [petitioner] was incapable of exercising reasonable diligence in his pursuit of relief." *Montgomery*, 45 Ill. 2d at 96.

●3 Here, petitioner's postconviction trial counsel never argued that petitioner's severe mental condition perhaps excused the late filing of petitioner's postconviction petition. In contrast to *Montgomery*, it is *possible* that here petitioner's severe mental problems, which

arose well before petitioner was incarcerated and which are alluded to at various times throughout the record, could have prevented petitioner from filing his petition on time. This is particularly probable when one considers the fact that petitioner confused the concepts of before and after. The record revealed that petitioner's postconviction trial counsel attempted to explain to petitioner why the petition was not filed timely, and the attorney read the relevant portions of the statute to petitioner. Despite the attorney's efforts to explain the statute, petitioner insisted that the petition was filed timely. Although we express no opinion on the success of this argument in the trial court (see *Turner*, 187 Ill. 2d at 417), we determine that petitioner's postconviction trial counsel should have, at a minimum, advised the trial court that petitioner's mental condition may have caused petitioner to file the petition late. Postconviction trial counsel's failure and omission in this regard demonstrated that counsel provided no representation and merely represented petitioner in name only. See *Turner*, 187 Ill. 2d at 415.

For these reasons, the judgment of the circuit court of Winnebago County that dismissed petitioner's postconviction petition is reversed. This cause is remanded so that petitioner may answer the State's motion to dismiss with the assistance of counsel.

Reversed and remanded with directions.

BOWMAN and BYRNE, JJ., concur.