No. 2--04--0127

October 6, 2006

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 97--CF--413 |
| JAHMAL PERKINS, | ) ) | Honorable Robbin J. Stuckert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____
____

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Jahmal Perkins, appeals from the dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2002)).  He contends that the assistance of counsel he received was less than the reasonable assistance due him under the Act.  Specifically, he asserts that postconviction counsel's defense of his petition against the State's motion to dismiss for untimeliness showed that counsel was unfamiliar with the applicable legal principles.  The State responds that defendant has presented nothing to suggest that he could have successfully defended against its motion to dismiss had counsel argued according to proper principles, and, because defendant has failed to show any prejudice, the State asserts that the law does not require a remand.  We agree with defendant that postconviction counsel's arguments show a misunderstanding of the law, which may have caused him to fail to investigate whether facts existed that would have

supported legally sound arguments. Further, we conclude that a defendant need not show that postconviction counsel's less-than-reasonable assistance prejudiced him or her. We therefore vacate the dismissal and remand the matter to the trial court.

## I. BACKGROUND

A jury convicted defendant of armed violence (720 ILCS 5/33A--2 (West 1996)) predicated on residential burglary (720 ILCS 5/19--3 (West 1996)), residential burglary, home invasion (720 ILCS 5/12--11(a)(1) (West 1996)), and aggravated battery (720 ILCS 5/12--4(b)(1) (West 1996)). He received concurrent sentences for all four convictions: 24 years' imprisonment for the armed violence, residential burglary, and home invasion convictions, and 5 years' imprisonment for the aggravated battery conviction. Defendant appealed, asserting among other things that under People v. Lombardi, 184 Ill. 2d 462 (1998), the penalty for armed violence involving a category I weapon and predicated on residential burglary or home invasion violated the proportionate penalties clause of the Illinois Constitution. This court agreed and vacated the armed violence conviction and the conviction of the lesser included offense of residential burglary. We ordered the clerk to correct the mittimus to reflect the vacated convictions. People v. Perkins, No. 2--98--1294 (2001) (unpublished order pursuant to Supreme Court Rule 23). The mandate issued on July 20, 2001.

On October 17, 2002, defendant mailed a "Petition to Vacate the Void Sentencing Judgment" and a "Petition for Postconviction Relief" to the circuit court. In the postconviction petition, he contended that the imposition of a term of mandatory supervised release (MSR) was unconstitutional in conjunction with determinate sentencing. In the "Petition to Vacate the Void Sentencing Judgment," he contended that trial counsel had filed "several crucial motions" and a postconviction petition without notifying defendant. He also stated that the supreme court was considering issues

relevant to his case in "People v. Evans, Washington, Case[]# 93959, 95951 and 84952" and that in these cases the court had found sentencing error.[1]

The court appointed the public defender to represent defendant, apparently treating both filings as a single postconviction petition. At an early status hearing, the State mentioned that it expected to file a motion to dismiss after defendant filed his amended petition. Shortly after that, counsel stated that he had correspondence from defendant and that he wanted to be sure that the amended petition incorporated everything that defendant wanted it to. On August 25, 2003, counsel filed a certificate pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), stating, inter alia, that no amendment was necessary for an adequate presentation of the issues. On October 20, 2003,

---

[1] As best we can determine, defendant is referring to Lombardi: two defendants whose appeals the supreme court consolidated with Lombardi's were named Evans and Washington, and No. 84952 is one of the docket numbers associated with Lombardi. The other two docket numbers are those of cases in which the court denied leave to appeal.

the State moved to dismiss the petition as untimely. The parties agreed below (and agree on appeal) that defendant filed the petition outside the time provided by the Act.

On January 26, 2004, the court heard argument on the State's motion to dismiss. Counsel asserted the merits of the petition, contending that defendant's "[f]irst and foremost" contention was "that the sentencing Court improperly took into consideration charges which were overturned on appeal [i]n sentencing the defendant." He asserted that this claim was a part of the "Petition to Vacate the Void Sentencing Judgment." The State argued only the petition's untimeliness; it asserted that defendant filed the petition beyond the last regular filing date for a postconviction petition and that he did not allege his lack of culpable negligence for the late filing. In response, counsel argued that, when this court vacated two of defendant's convictions, it changed his sentences, restarting the time for filing a petition. He further argued that defendant could not have timely raised the trial court's improper consideration of the vacated sentences because the issue did not exist until this court vacated the two convictions. Finally, he argued that the limitations period for filing a petition was flexible and that the court could take into account the unfairness of defendant having been sentenced in part based on vacated convictions. The court granted the motion to dismiss, and defendant appealed.

On appeal, defendant argues that counsel failed to provide reasonable assistance, because he relied on arguments for the petition's timeliness that are contradicted by binding authority. Defendant contends that these arguments showed a lack of understanding of the law regarding timeliness. We take defendant to imply that, because counsel was unaware of the law, he probably did not ask defendant the questions necessary to amend the petition to allege a lack of culpable negligence in filing late. The State responds with two arguments. First, it asserts that because untimeliness is an affirmative defense, postconviction counsel need not anticipatorily amend a

petition to allege a lack of culpable negligence in filing late. Instead, it asserts, counsel need address the issue only in response to the State's motion to dismiss. Second, citing People v. Vasquez, 356 Ill. App. 3d 420, 425 (2005), the State argues that defendant has failed to show that facts existed such that counsel could have amended the petition to assert a lack of culpable negligence for his untimely filing. Therefore, the State asserts, defendant has not shown that counsel's failure to amend the petition prejudiced defendant. (The State does not claim, we note, that counsel's failure to address timeliness more cogently caused no prejudice for the additional reason that defendant's petition would have been dismissed for lack of merit even if its untimeliness was excused.)

## II. ANALYSIS

Under the Act, an imprisoned defendant can mount a collateral attack on his conviction or sentence by alleging that either was the consequence of violations of his constitutional rights. People v. Erickson, 183 Ill. 2d 213, 222 (1998). Proceedings under the Act, where the defendant is not under a sentence of death, have up to three stages. People v. Gaultney, 174 Ill. 2d 410, 418 (1996). At the first stage, the trial court examines the petition independently and should summarily dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2002); Gaultney, 174 Ill. 2d at 418. If the court does not summarily dismiss the petition, it proceeds to the second stage. At this stage, an indigent defendant is entitled to appointed counsel, counsel may amend the petition, and the State may answer or move to dismiss the petition. Gaultney, 174 Ill. 2d at 418. The court should dismiss the petition "when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." People v. Hall, 217 Ill. 2d 324, 334 (2005). However, the State may move to dismiss the petition on the basis that the defendant did not file the petition within the statutory time limit. *People v. Ramirez, 361 Ill. App. 3d 450, 453 2005 . If the State does so*

*move, and the defendant did file late, the court should dismiss the petition unless the defendant can show that the late filing was not due to his culpable negligence.* <u>Ramirez</u>, 361 Ill. App. 3d at 453. If the court does not dismiss the petition at the second stage, the proceeding advances to the third stage, at which an evidentiary hearing is held. <u>Gaultney</u>, 174 Ill. 2d at 418.

Under section 122--4 of the Act (725 ILCS 5/122--4 (West 2002)), an indigent postconviction petitioner is entitled to appointed counsel if the court has not dismissed his or her petition at the first stage. However, the right is purely statutory rather than constitutional (<u>People v. Turner</u>, 187 Ill. 2d 406, 410 (1999)), and under the Act, the petitioner is entitled only to a " 'reasonable level of assistance' " (emphasis omitted) (<u>People v. Lander</u>, 215 Ill. 2d 577, 583-84 (2005), quoting <u>People v. Owens</u>, 139 Ill. 2d 351, 364 (1990)). Reasonable assistance includes compliance with the specific obligations of Rule 651(c). <u>People v. Bashaw</u>, 361 Ill. App. 3d 963, 967 (2005). Under that rule, counsel must certify, or the record on appeal must otherwise show, that counsel "has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed <u>pro</u> <u>se</u> that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). When the record demonstrates that counsel has failed to provide the representation required by Rule 651(c), counsel's certificate that he has done so is ineffective to establish compliance. See <u>People v. Waldrop</u>, 353 Ill. App. 3d 244, 250-51 (2004).

The first issue this case presents is what postconviction counsel's specific duties are with respect to a petition filed outside the statutory time. In particular, we must ask whether counsel has a duty to attempt to amend such a petition to show that its lateness was not due to the defendant's culpable negligence.

Postconviction counsel normally has no duty to go beyond the record and the evidence mentioned in the petition to find new evidence supporting a defendant's claims. People v. Johnson, 154 Ill. 2d 227, 247 (1993). Further, Rule 651(c) does not specifically mention any duty of counsel to seek facts to respond to an untimeliness claim. Therefore, one could argue that consulting with a defendant to get evidence to overcome an untimeliness claim is beyond counsel's duty.

On the other hand, counsel is to amend the petition to make " 'an adequate presentation of petitioner's contentions.' " Turner, 187 Ill. 2d at 412, quoting 134 Ill. 2d R. 651(c). We do not think that counsel has made an adequate presentation of a defendant's claims if he or she has not attempted to help the defendant avert dismissal for a reason other than the merits of the claim. Certainly, a technical issue such as timeliness is a matter where a defendant may need assistance. We partially addressed this issue in People v. Robinson, 324 Ill. App. 3d 553, 556-57 (2001), in which we held that postconviction counsel was inadequate in defending against a motion to dismiss for untimeliness. The failure there was striking: the record contained evidence that the defendant had such severe cognitive disabilities that he would have had trouble even understanding the concept of timeliness. Robinson, 324 Ill. App. 3d at 554-55. However, when explicitly asked by the court whether any evidence suggested that the lateness was not due to the defendant's culpable negligence, counsel told the court that he had written to the defendant, explained the timeliness requirements and asked for facts that would excuse the late filing, but the defendant told him only that he believed that the petition was not late. Robinson, 324 Ill. App. 3d at 555. We held that, based on the record facts, postconviction counsel should have, at a minimum, advised the trial court that the defendant's mental condition may have caused him to file the petition late. Robinson, 324 Ill. App. 3d at 557. We deem that, when postconviction counsel is faced with a petition filed outside the regular statutory period, to make an adequate presentation of the defendant's contentions counsel must make a reasonable

attempt to find out if any proper excuse exists for the late filing. This would include at least recognizing whether the record suggested any excuse (per Robinson) and inquiring of the defendant. If a possible excuse is apparent, counsel must act to make sure it is adequately presented to the court.

The State makes a narrower argument. It contends that, although defendant argues that counsel had a duty to amend the petition to allege defendant's lack of culpable negligence, counsel had no duty to defend against an untimeliness claim until the State moved to dismiss on that basis. That is, it claims that counsel need not anticipate that the State will move to dismiss on timeliness grounds. Assuming that the State is correct, that does not change counsel's obligation to provide a reasonable defense against the motion, anticipatorily or otherwise. As we will later discuss, counsel never did this. The question of when counsel's obligation arose is thus immaterial.

Given that a defendant does have a right to reasonable assistance in fighting the State's untimeliness defense to his or her petition, the next question we must address is what test determines when he or she is entitled to relief. We must decide whether it is enough for a defendant to show that postconviction counsel provided less-than-reasonable assistance, or whether he or she must also show that the less-than-reasonable assistance caused him or her prejudice. If one assumes a two-prong test, analogous to that in Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), showing that counsel here acted without understanding how to defend a late-filed petition against dismissal for untimeliness would satisfy only the first (lack of reasonable assistance) prong. To satisfy the second (prejudice) prong, defendant would have to show, at a minimum, some possibility that with reasonable assistance he could have alleged facts such that the court would not have dismissed the petition for untimeliness. Because, as we discussed, the right to

postconviction counsel is statutory, not constitutional, <u>Strickland</u> is not automatically applicable to claims of less-than-reasonable assistance of postconviction counsel.

The determinative question here is what defendant must show beyond the mishandling of his case by postconviction counsel, that is, the extent to which defendant must show that counsel's errors harmed him. Were this a claim of ineffective assistance of trial counsel, made on direct appeal, defendant's right to counsel would derive from the sixth amendment (U.S. Const., amend. VI), and we would decide by the test in <u>Strickland</u> whether counsel had been ineffective. As noted, that is not the relevant standard here. Nevertheless, the <u>Strickland</u> test is an essential standard for comparison. Under that test, a court should not reverse a conviction because of ineffective assistance of counsel unless the defendant shows (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." <u>Strickland</u>, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Showing prejudice requires demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

Again, the right to counsel under the Act is purely statutory (<u>Turner</u>, 187 Ill. 2d at 410) and <u>Strickland</u> is thus not applicable, except potentially by analogy. Notably, for defendants not under the death sentence, the statutory right to counsel attaches only if a trial court reviews the defendant's petition and finds it to be neither frivolous nor patently without merit, or the trial court fails to enter a contrary finding within 90 days. <u>Gaultney</u>, 174 Ill. 2d at 418; 725 ILCS 5/122--4 (West 2002). When the right attaches is not the sole defining feature of the right, however. We therefore

first review the scope of the right to counsel under the Act before considering the cases that decide when a defendant is entitled to relief for substandard performance.

A core feature of a defendant's right to counsel under the Act is the entitlement to have counsel amend the original petition to make an adequate presentation of the defendant's contentions. The Act does not explicitly state this entitlement; courts interpret the Act to give defendants a right to, simply, a " 'reasonable level of assistance.' " (Emphasis omitted.) Turner, 187 Ill. 2d at 410, quoting People v. Owens, 139 Ill. 2d 351, 364 (1990). However, Rule 651(c) makes explicit some of the duties that a "reasonable level of assistance" implies. See Turner, 187 Ill. 2d at 410. As noted, the rule requires a showing that counsel has "consulted with petitioner *** to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed pro se that are necessary for an adequate presentation of petitioner's contentions" (134 Ill. 2d R. 651(c)). Courts treat a failure to do any of these things as a violation of the rule. E.g., Turner, 187 Ill. 2d at 412. We will refer to the duties listed in Rule 651(c) as the Rule 651(c) mandates. Because Rule 651(c) sets out entitlements inherent in the statutory right to counsel, a failure to satisfy a Rule 651(c) mandate is a violation of both the statutory right and the rule.

Illinois cases addressing claims of unreasonable assistance of postconviction counsel fall into two lines, based on whether they apply a Strickland-like analysis, requiring the defendant to make a positive showing of prejudice, or whether they apply Rule 651(c). The Strickland-like line begins with People v. Ashley, 34 Ill. 2d 402, 411-12 (1966). The other line, typified by Turner and Johnson, is rooted in the enforcement of Rule 651(c). It plainly rejects a Strickland-like prejudice analysis but without explicitly foreclosing use of a harmless-error analysis.

Ashley and its progeny use a Strickland-like prejudice standard to evaluate claims of insufficient representation by postconviction counsel. (This line of cases originated before Strickland itself, but not before the principles familiar from Strickland were current in Illinois law.) Ashley stated:

"While petitioner strenuously argues that his representation in the post-conviction proceedings by appointed counsel was so inadequate, indifferent to his cause and incompetent as to amount to no representation at all, it is well settled that in order to establish incompetency of counsel, actual incompetent representation and substantial prejudice to the defendant as a result thereof must be established." Ashley, 34 Ill. 2d at 411, citing People v. Gray, 33 Ill. 2d 349, 355 (1965), and People v. Morris, 3 Ill. 2d 437, 447 (1954) (both proto-Strickland cases involving trial counsel).

More directly on point is the later People v. Stovall, 47 Ill. 2d 42, 46 (1970):

"Absent a showing of available material for supporting affidavits, a failure to present affidavits obviously cannot be considered a neglect by the attorney.

*** Where there is not a showing that sufficient facts or evidence exist, inadequate representation certainly will not be found because of an attorney's failure to amend a petition or, when amended, failing to make the petition's allegations factually sufficient to require the granting of relief." Stovall, 47 Ill. 2d at 46.

The supreme court most recently used this kind of analysis in People v. Spreitzer, 143 Ill. 2d 210, 221 (1991), which quotes from the passage in Stovall given above.

The State cites this court's decision in Vasquez, but that case does not decide whether a defendant whose postconviction counsel failed to comply with Rule 651(c) must also show consequent prejudice in order to obtain relief. In Vasquez, we held that

postconviction counsel was not required under Rule 651(c) to include a new claim in the defendant's postconviction petition. We then said:

> "Even if it could be shown that postconviction counsel should have amended the petition to allege a violation of the Vienna Convention, to establish that postconviction counsel provided inadequate representation, defendant must show that the petition could have been amended to state a case upon which relief could be granted. [Citation.]" Vasquez, 356 Ill. App. 3d at 425.

We went on to explain that the claim that the defendant urged should have been included in his petition would not have stated a cause of action upon which relief could be granted. Vasquez, 356 Ill. App. 3d at 425.

Having found in Vasquez that the defendant received the assistance required by Rule 651(c), we did not need to reach the question of whether our conclusion would have changed had we found that counsel failed to meet the requirements of Rule 651(c) by omitting the claim. We did, nevertheless, opine that the defendant's position was not compromised by the omission of the claim, because the claim would not have afforded him relief. However, because our opinion on this was not necessary to decide the case, it was a dictum. Vasquez, therefore, does not hold that a defendant whose postconviction counsel failed to discharge his duty under Rule 651(c) must show resultant prejudice.

Moreover, Vasquez presented a factual situation where, had the court applied a Strickland-type performance/prejudice analysis, the two prongs would have collapsed into one, because counsel's failure to raise the issue of trial counsel's omission of the Vienna Convention claim could not have been deemed inadequate performance (prong one) unless that issue had merit such that it would have changed the outcome of the

postconviction proceeding (prong two).  There are, however, situations where <u>Strickland</u>'s performance and prejudice prongs are not so intertwined, allowing the adequacy of counsel's performance to be examined independently of the prejudice question.  See, <u>e.g.</u>, <u>Strickland</u>, 466 U.S. at 699; 80 L. Ed. 2d at 700-01, 104 S. Ct. at 2070-71 (counsel's decision of which mitigating evidence to present at sentencing found reasonable independently of prejudice prong); <u>People v. Rodriguez</u>, 364 Ill. App. 3d 304, 314 (2006) (counsel's decision not to ask alleged rape victim at trial whether or not she consented to the sexual contact found reasonable independently of prejudice).

Turner and <u>Johnson</u> take a different approach from <u>Ashley</u> and its progeny.[2]  In <u>Turner</u>, the court reversed the dismissal of a postconviction petition, stating that it "[would] not speculate" on what the outcome would have been if "counsel had adequately performed his duties under Rule 651(c)."  <u>Turner</u>, 187 Ill. 2d at 416.  Postconviction counsel's performance was inadequate in two ways:  (1) he failed to amend the petition to cure a waiver problem by alleging that appellate counsel had been ineffective in not raising certain matters on direct appeal; and (2) he failed to amend the

---

[2] <u>Turner</u> and <u>Johnson</u> were both death penalty cases, meaning that the defendants were automatically entitled to counsel (725 ILCS 5/122--2.1(a)(1) (West 2002)).  However, the <u>Turner</u> court emphasized that counsel's duties are the same, whether the case is a death penalty case or not. <u>Turner</u>, 187 Ill. 2d at 413.

petition to state a claim for ineffective assistance of trial counsel under the Strickland standard by alleging that counsel's incompetent decisions had prejudiced the defendant. Turner, 187 Ill. 2d at 413. The court did not discuss whether the record suggested the existence of facts that would make these new claims viable.

In Turner, the State asserted that reversal was unnecessary because the petition was without merit and thus the defendant could not show prejudice. Without addressing the merit of the petition, the court observed that there was a "palpable" prejudice because counsel's failure to cure the waiver problem "precluded consideration of [the defendant's] claims on the merits and directly contributed to the dismissal of the petition without an evidentiary hearing." Turner, 187 Ill. 2d at 415. However, we do not take the court to have established a lower "direct contribution" standard of prejudice that a defendant must satisfy to obtain reversal.[3] Indeed, the court went on to reject the State's argument "[o]n a more fundamental level," holding that a dismissal is improper when "post-conviction counsel's performance was so deficient that it amounts to virtually no representation at all," i.e., when counsel had not "adequately performed his duties under Rule 651(c)." Turner, 187 Ill. 2d at 415-16. Thus, the court suggested its adherence to the general proposition that, when counsel fails to comply with Rule 651(c), no showing of prejudice is necessary. See Lander, 215 Ill. 2d at 585.

In Johnson, the court held that counsel failed to fulfill his duties under Rule 651(c) in that he failed to contact witnesses whom the defendant named in his petition. Johnson, 154 Ill. 2d at 243-

---

[3] Even if this were the standard, we would reach the same result in this case. Counsel's failure to properly address the timeliness issue was the immediate cause of, and thus directly contributed to, the petition's dismissal.

45. Counsel's failure precluded the court from affirming a dismissal based on a lack of affidavits from these witnesses, although, naturally enough, nothing in the record showed that the witnesses' testimony would have been enough to make the petition viable. Johnson, 154 Ill. 2d at 243-45.

Turner and Johnson are the supreme court's most recent word on this issue, and we therefore follow them. The holdings in Turner and Johnson clearly exclude requiring a defendant to make a positive, Strickland-type showing that his counsel's failure to comply with Rule 651(c) caused prejudice. A question remains about whether postconviction counsel's failure to provide the assistance required by Rule 651(c) is subject to a harmless-error analysis. The holdings in Turner and Johnson do not explicitly resolve that issue, and we do not resolve it here. We recognize that a First District panel, noting that the State had apparently not raised the issue in Turner and Johnson, held in People v. Sargent, 357 Ill. App. 3d 946, 950-54 (2005), that a harmless-error analysis was proper. We do not think that it is appropriate to now decide whether we will adhere to Sargent. That case was decided too late for defendant to address it in his brief, and the State did not cite it or otherwise suggest the applicability of a harmless-error analysis. The supreme court in Turner and Johnson evidently deemed it appropriate to reserve judgment on whether a harmless-error analysis applied when the State did not advocate such a position. The circumstances here suggest that a similar result is just. To decide this issue in favor of the State, we would need to become its advocate, which we deem to be inappropriate. See People v. Rodriguez, 336 Ill. App. 3d 1, 14 (2002) (noting that, although a reviewing court may consider unbriefed issues sua sponte, it should decline to do so when doing so will "transform[] th[e] court's role from that of jurist to advocate"). Further, although our initial review of defendant's petition suggests that it contains uncorrectable legal flaws, postconviction counsel's insistence that defendant's claim is different from that which we

deem is apparent from the petition raises questions about what claim we would be considering. We therefore decline to decide whether we can deem any error here to be harmless.

Following the analyses in Turner and Johnson, we conclude that postconviction counsel here violated Rule 651(c). Postconviction counsel argued (1) that defendant's petition was timely because our order vacating two of defendant's convictions changed defendant's sentence and thus restarted the time for defendant to file a petition, (2) that defendant could not raise his sentencing argument until we decided his direct appeal as we did, and (3) that the time for filing a petition is subject to flexibility in the interests of justice. All these arguments are legally without merit.

The argument that a change in a sentence restarts the time to file a petition was rejected by the First District in People v. Langston, 342 Ill. App. 3d 1100, 1103-04 (2001). We adopted the reasoning of Langston in People v. Wright, 337 Ill. App. 3d 759, 762-63 (2003). Both cases predated postconviction counsel's attempt to argue that our vacation of two of defendant's convictions made his petition timely.

The argument that defendant could not have raised certain sentencing issues until after we decided his direct appeal fails for several reasons. The simplest of these is that, accepting for the sake of argument that our resolution of the appeal did create new issues, defendant does not explain why he needed as long as he did after we issued our resolution to file his petition. Defendant filed his petition 15 months after we issued our mandate. We can accept that a defendant might routinely need months to draft a petition in response to an issue created by an appellate disposition. However, although we cannot say that 15 months would always be longer than a court should allow, we believe that such a delay requires at least some explanation.

Postconviction counsel's argument that the time for filing the petition is subject to flexibility in the interests of justice suggests that counsel was unfamiliar with the framework of the Act as it

relates to the time for filing. Section 122--1(c) of the Act, as then written,[4] stated that "[n]o proceedings *** shall be commenced [under the Act and outside the specified time frame] unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122--1(c) (West 2002). The only flexibility in the service of justice is the State's to exercise: "A dutiful prosecutor may waive [the timeliness] defense at the second stage of the postconviction proceedings if an untimely petition demonstrates the defendant suffered a deprivation of constitutional magnitude." Lander, 215 Ill. 2d at 584. Postconviction counsel's argument seems to spring from no known legal source and to ignore the obvious authorities.

We conclude that postconviction counsel's representation of defendant was less than the reasonable representation he was due under the Act. We do so with some trepidation. We do not wish to be understood to hold that postconviction counsel provides less-than-reasonable representation simply because he or she makes a bad argument. It is the nature of a defense lawyer's job that he or she must make the best of what may turn out to be hopeless facts. A weak or far-fetched argument may nevertheless be the least bad of all those possible; we would not suggest that an attorney has committed a dereliction for making such an argument.[5] Furthermore, statements

---

[4]Amendment has since modified the time limits for filing, but not the principle that a lack of culpable negligence is the only basis on which a court can excuse a late filing. See 725 ILCS 5/122--1(c) (West 2004).

[5]Postconviction counsel need not, and should not, argue for wholly indefensible positions. In People v. Greer, 212 Ill. 2d 192, 205-09 (2004), the supreme court held that, where counsel is faced with an irredeemably meritless petition, his or her duty is to withdraw. Greer, 212 Ill. 2d at 205-09. The same rule should apply to presenting a meritless defense against a motion to dismiss

made at oral argument, as those of postconviction counsel were here, are not necessarily as thought out as written arguments are.

That said, some arguments can unambiguously betray a lack of familiarity with the applicable law. That happened here when counsel asserted the flexibility of the time for filing a petition. The problem is not that counsel made such an argument, but that he did so without reference to the culpable negligence standard or any of the other underpinnings of the rules of timeliness under the Act. An argument ungrounded in the basic principles of the applicable law is unreasonable, even as a last-ditch effort. We can interpret it only as a sign of counsel's unfamiliarity with those basic principles. We therefore have no reason to believe that counsel has investigated whether facts exist that would excuse defendant's late filing of his petition.

### III. CONCLUSION

Because defendant did not receive reasonable assistance of counsel in defending against the State's motion to dismiss, the dismissal should not stand. Therefore, for the reasons given, we vacate the trial court's dismissal of defendant's petition and remand the matter for defendant to receive appropriate assistance with his defense against the motion.

Vacated and remanded.

GROMETER, P.J., and CALLUM, J., concur.

---

for untimeliness.