NOTICE

Decision filed 05/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220625-U

NO. 5-22-0625

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 14-CF-366 |
| | ) | |
| MICHAEL J. BELMONT, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the judgment of the trial court dismissing the defendant's postconviction petition where postconviction counsel rendered unreasonable assistance of counsel when he applied an incorrect standard regarding second stage postconviction proceedings.

¶ 2    On March 19, 2020, the defendant, Michael J. Belmont, filed a *pro se* petition (petition) for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). The trial court appointed counsel to represent the defendant and on July 14, 2020, the State filed a motion to dismiss the petition. The defendant, by and through his attorney, filed a memorandum of law and response to the State's motion to dismiss on July 1, 2021.

¶ 3    The trial court conducted a hearing on the State's motion to dismiss on August 4, 2022, and issued a written order on September 12, 2022, granting the State's motion and dismissing the

1

defendant's petition. The defendant now appeals the judgment of the trial court dismissing his petition, raising the sole issue of whether postconviction counsel rendered unreasonable assistance of counsel. For the following reasons, we reverse the judgment of the trial court.

¶ 4                                     I. BACKGROUND

¶ 5     On February 29, 2016, upon completion of a jury trial, the defendant was found guilty of two counts of aggravated battery of a child in violation of sections 12-3.05(b)(1) and 12-3.05(b)(2) of the Criminal Code of 2012 (Code) (720 ILCS 5/12-3.05(b)(1), (b)(2) (West 2014)) and one count of aggravated domestic battery in violation of section 12-3.3(a) of the Code (*id.* § 12-3.3(a)). The defendant was sentenced on June 23, 2016, to 30 years' incarceration within the Illinois Department of Corrections.[1] The defendant appealed his conviction and on September 23, 2019, this court affirmed the defendant's conviction. *People v. Belmont*, 2019 IL App (5th) 160419-U, ¶ 63.

¶ 6     On March 19, 2020, the defendant filed a petition for relief pursuant to the Act (725 ILCS 5/122-1 *et seq.* (West 2020)). The defendant's petition alleged several claims of ineffective assistance of trial and appellate counsel. Relevant to this appeal, one of the defendant's claims of ineffective assistance of trial counsel was that the jury pool from which the jury was drawn "was so envenomed by prejudicial pretrial publicity as to preclude any reasonable likelihood that a fair jury could be impaneled." In support of his claims, the defendant attached newspaper articles that he alleged were prejudicial and cited to comments made by several jurors during *voir dire*, where

---

[1]Under the doctrine of one-act, one-crime, which provides that a court shall not impose consecutive sentences for offenses when those offenses are based on the same physical act, the defendant was sentenced on one count of aggravated battery of a child. See *People v. Coats*, 2018 IL 121926, ¶ 11; *People v. King*, 66 Ill. 2d 551, 566 (1977).

the jurors had expressed difficulty in being unbiased as a result of their exposure to the reports about the case.

¶ 7    On June 22, 2020, without a first stage ruling, the trial court advanced the petition to the second stage by operation of law and appointed postconviction counsel to represent the defendant. On July 14, 2020, the State filed a motion to dismiss the defendant's petition, and almost a year later, on July 1, 2021, the defendant[2] filed a memorandum of law and response to the State's motion to dismiss.

¶ 8    On March 17, 2022, the defendant was appointed new postconviction counsel due to a conflict *per se* with the defendant's previous counsel. At a status conference conducted on June 21, 2022, postconviction counsel indicated to the trial court that he had met with the defendant and did not anticipate filing an amended petition. On June 30, 2022, postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). No amended petition was filed by either of the defendant's postconviction counsel.

¶ 9    On August 4, 2022, the trial court conducted a hearing on the State's motion to dismiss. At the hearing, postconviction counsel argued, in part, as follows:

> "So, your Honor, I think we're presented with a question here, at this point in the proceedings, is there a gist of a constitutional claim? I would suggest, based on this record, your Honor, that's before the Court, you can't say this was trial strategy.
>
> * * *

---

[2]Although the defendant's memorandum of law and response to the State's motion states, "by and through his attorney," we note that the pleading is not signed by postconviction counsel but was executed by the defendant. We further note that the pleading's verification was also executed by the defendant and the proof of service indicates that it was placed in the institutional mail at the Shawnee Correctional Center.

Does that present the gist of a constitutional claim for ineffectiveness? And, your Honor, we would suggest that does. This is enough to get us past the motion to dismiss, and it should proceed to a hearing."

¶ 10    Postconviction counsel's argument at the hearing centered on one of the defendant's claims regarding the admission of certain evidence at trial. Postconviction counsel made no arguments regarding any of the defendant's remaining claims, including the defendant's claims regarding the jury or ineffective assistance of appellate counsel.

¶ 11    The trial court issued a written order on September 12, 2022, granting the State's motion and dismissing the defendant's petition. The trial court's written order stated that the defendant had argued "that a substantial constitutional violation was committed by the defendant's trial counsel" by allowing in, and presenting, certain evidence at trial. The trial court found that the evidence issue "clearly constituted trial strategy" and, "although the defendant's attorney did not mention appellate counsel in his argument," the defendant's appellant counsel's failure to raise the evidence issue on appeal was not objectively unreasonable. The trial court's written order did not specifically address any of the defendant's other claims within his petition.[3]

¶ 12    The defendant timely appealed. On appeal, the defendant raises the issue of whether the defendant was denied the reasonable assistance of postconviction counsel where postconviction counsel presented an argument based on an erroneous understanding of the law and failed to file an amended petition to include a viable claim of ineffective assistance of trial counsel.

---

[3]The trial court's written order stated that all issues that could have been raised on direct appeal, but were not, are deemed waived and "[t]hat is the case here." The written order also generally stated the standard of ineffective assistance of appellate counsel and stated, "That is not the case here." These general statements of law were in the context of the trial court's discussion of the evidence issue, and the trial court's written order is not clear on whether these statements related to any of the defendant's other claims.

¶ 13                                    II. ANALYSIS

¶ 14    The Act (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his or her original trial or sentencing hearing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding is not an appeal from an underlying judgment, but rather a collateral attack on the judgment. *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). As a collateral proceeding, a postconviction proceeding allows inquiry only into constitutional issues that were not and could not have been adjudicated in an appeal of the underlying judgment. *Id.*

¶ 15    The Act provides a three-stage process for the adjudication of postconviction petitions in noncapital cases, such as this case. *People v. Lacy*, 407 Ill. App. 3d 442, 455 (2011). At the first stage, the trial court independently assesses the defendant's petition, and if the trial court determines that the petition is "frivolous" or "patently without merit," the trial court can summarily dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2020); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). To survive the first stage, "a petition need only present the gist of a constitutional claim." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996).

¶ 16    If a petition is not dismissed at the first stage, it advances to the second stage where an indigent petitioner can obtain appointed counsel and the State can move to dismiss it. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020); *Edwards*, 197 Ill. 2d at 245-46. At the second stage, the trial court is "foreclosed from engaging in any fact-finding because all well-pleaded facts not rebutted by the record are to be taken as true." *People v. Phyfiher*, 361 Ill. App. 3d 881, 884 (2005). At the second stage, if the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage where the trial court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2020); *Edwards*, 197 Ill. 2d at 246.

¶ 17    In this matter, the trial court granted the State's motion to dismiss and dismissed the defendant's petition at the second stage. We review *de novo* a trial court's dismissal of a postconviction petition at the second stage. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 91.

¶ 18    As stated above, counsel may be appointed at the second stage where a defendant is indigent (725 ILCS 5/122-4 (West 2020)), and the right to counsel in postconviction proceedings is derived from statute rather than the Constitution. *People v. Owens*, 139 Ill. 2d 351, 364 (1990). Thus, postconviction petitioners have no constitutional right to counsel, effective or otherwise, and are guaranteed only the level of assistance which the statute provides. *People v. Custer*, 2019 IL 123339, ¶ 30. That level of assistance has been defined by our supreme court to mean a "reasonable" level of assistance, and a "reasonable" standard is significantly lower than the one mandated at trial by our state and federal constitutions. *Id.* One aspect of "reasonable" assistance is compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). *People v. Carter*, 223 Ill. App. 3d 957, 961 (1992). We review *de novo* the question of whether postconviction counsel provided a reasonable level of assistance in compliance with Rule 651(c). *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

¶ 19    Rule 651(c) imposes three duties on appointed postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Pursuant to the rule, postconviction counsel must show that he or she (1) consulted with the petitioner to ascertain his or her contentions of constitutional deprivations, (2) examined the record of the trial proceedings, and (3) made any amendments to the filed *pro se* petition necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44.

6

¶ 20    There are two ways in which appointed counsel may comply with Rule 651(c). Counsel may file a certificate indicating that the requirements of the rule were complied with, or the record as a whole may demonstrate that counsel complied with the provisions of Rule 651(c). *People v. Richmond*, 188 Ill. 2d 376, 380 (1999). Substantial compliance with Rule 651(c) is sufficient. *People v. Richardson*, 382 Ill. App. 3d 248, 257 (2008).

¶ 21    A rebuttable presumption that postconviction counsel provided reasonable assistance exists where the Rule 651(c) certificate has been filed. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. The defendant bears the burden to overcome this presumption by demonstrating that his or her counsel failed to substantially comply with the requirements of Rule 651(c). *Id.* Where postconviction counsel has failed to fulfill the duties required of Rule 651(c), our supreme court has held that remand is required regardless of whether the claims raised in the petition had merit. *Suarez*, 224 Ill. 2d at 47. In the present case, the defendant's postconviction counsel filed a Rule 651(c) certificate on June 30, 2022. Thus, there is a rebuttable presumption that postconviction counsel provided reasonable assistance and it is the defendant's burden to overcome this presumption.

¶ 22    The defendant argues that he has rebutted the presumption of substantial compliance with Rule 651(c) on two principal grounds. First, the defendant argues that postconviction counsel misapprehended the standard that applies to second stage proceedings when he erroneously asserted that the defendant's postconviction petition could be advanced by a showing that the petition contained the "gist of a constitutional claim." Second, the defendant argues that postconviction counsel rendered unreasonable assistance of counsel where the record demonstrates that trial counsel allowed a prospective juror who was biased against the defendant to serve on the

7

jury; however, postconviction counsel failed to amend the defendant's *pro se* petition to adequately present a viable claim of ineffective assistance of trial counsel.

¶ 23    With regard to the defendant's first claim, it is well-established that, at the second stage of a postconviction proceeding, the defendant is required to demonstrate a "substantial showing of a constitutional violation." *People v. Bailey*, 2017 IL 121450, ¶ 18. A substantial showing is a measure of the legal sufficiency of the petition's allegations, which, if proven at an evidentiary hearing, would entitle the defendant to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35. A "gist of a constitutional claim," however, is something more than a bare allegation of a deprivation of constitutional right, but is still something less than a completely pleaded or fully stated claim. *Edwards*, 197 Ill. 2d at 245.

¶ 24    Postconviction counsel argued a "gist of a constitutional claim" standard at the hearing on the defendant's petition. As such, postconviction counsel asserted the wrong legal standard for meeting the requirements for advancing the petition to the third stage. The State argues that postconviction counsel simply "misspoke" regarding the standard at the hearing and that the trial court applied the correct standard in dismissing the petition. However, the purpose of Rule 651(c) is not to ensure that the trial court applies the correct standard regarding postconviction proceedings, the purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into proper legal form and presents those claims to the court. *Perkins*, 229 Ill. 2d at 44. Proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars, such as timeliness and forfeiture. *Id.* Presenting a "substantial showing" involves demonstrating a legally sufficient claim which, in this matter, we find that postconviction counsel failed to do.

¶ 25    As noted in the trial court's written order, postconviction counsel "did not mention appellate counsel in his argument" and presented no argument regarding ineffective assistance of appellate counsel. Postconviction counsel did present an argument that the defendant's trial counsel should not have allowed certain evidence to be admitted, and argued that the claim presented a "gist of a constitutional claim for ineffectiveness" that "is enough to get us past the motion to dismiss." While we agree that the claim presented a "gist of a constitutional claim," we note that it falls short of a substantial showing. Our review of the report of proceedings for the hearing shows that postconviction counsel failed to argue prejudice in connection to any of the defendant's claims of ineffective assistance of counsel, which is a necessary element for the proper presentation an ineffective assistance of counsel claim. See *People v. Tate*, 2012 IL 112214, ¶¶ 18-19 (application of the *Strickland* test would be applied at the second stage of proceedings where the defendant must make a substantial showing of a constitutional violation). By adhering to the lower, more lenient, pleading standard applicable to first stage proceedings, postconviction counsel failed to properly present the defendant's claims to the trial court.

¶ 26    Courts have held that postconviction counsel's failure to apprehend and employ fundamental rules of law in order to adequately present a defendant's claim falls below the statutory requirement of reasonable representation. See, *i.e.*, *People v. Urzua*, 2023 IL 127789, ¶¶ 63-64 (postconviction counsel provided unreasonable assistance of counsel in arguing at the second stage that defendant was not required to present a properly notarized affidavit in support of his claims); *People v. Addison*, 2023 IL 127119, ¶ 25 (postconviction counsel failed to respond to State's waiver argument at the second stage oral argument); *People v. Perkins*, 367 Ill. App. 3d 895, 907-08 (2006) (arguments ungrounded in the basic principles of the applicable law constitutes unreasonable representation where postconviction counsel failed to recognize the basic rules on

9

untimely filing of petition); *People v. Turner*, 187 Ill. 2d 406, 414-15 (1999) ("Counsel's statement at the hearing on the State's motion to dismiss that an evidentiary hearing on petitioner's claims was warranted because petitioner alleged violations of his constitutional rights demonstrates that he was ignorant of one of the most basic principles of post-conviction proceedings.").

¶ 27    We therefore find that the defendant's postconviction counsel failed to provide reasonable assistance of counsel based on postconviction counsel's misapplication of the appropriate standard regarding second stage postconviction proceedings. Because postconviction counsel rendered unreasonable assistance of counsel, this cause must be remanded without consideration of whether the defendant's claims have merit. *Addison*, 2023 IL 127119, ¶ 33. Since we have determined that remand is required on this issue, we need not address the defendant's second issue on appeal.

¶ 28                                III. CONCLUSION

¶ 29    For the foregoing reasons, we reverse the judgment of the trial court of Jefferson County dismissing the defendant's petition for postconviction relief at the second stage, and remand for new second stage proceedings, after the appointment of new postconviction counsel with leave to amend the defendant's *pro se* petition as needed.

¶ 30    Reversed and remanded.