THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
HOMER HANRAHAN, Petitioner-Appellant.

First District (1st Division)   No. 83—2602

Opinion filed April 15, 1985.

James J. Doherty, Public Defender, of Chicago (Kathleen M. McGinnis, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mary Ellen Dienes, and John G. Murphy, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant, Homer Hanrahan, was convicted of murder, aggravated kidnaping, and aggravated battery. Defendant's convictions were affirmed on direct appeal. (See *People v. Hanrahan* (1978), 64 Ill. App. 3d 207, 380 N.E.2d 1075, *appeal denied* (1979), 72 Ill. 2d 583, *cert. denied* (1979), 444 U.S. 828, 62 L. Ed. 2d 36, 100 S. Ct. 53.) Defendant filed a *pro se* petition for post-conviction relief. The trial court appointed counsel for defendant who adopted defendant's petition. The State's motion to dismiss defendant's petition was granted without an evidentiary hearing. In this court, defendant argues the trial court erred in dismissing defendant's petition without an evidentiary hearing.

We affirm.

Defendant's petition cites numerous alleged errors in the trial court. Most of these alleged errors were either addressed on direct appeal or waived because they were not raised on direct appeal. However, we will address defendant's contention regarding certain allega-

tions of ineffective assistance of trial and appellate counsel which we conclude are neither waived nor barred by *res judicata*. See *People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230.

In his petition, defendant cites the alleged alcohol problem of trial counsel and averred that counsel admitted himself into an alcoholic treatment center after the trial. This allegation was absolutely refuted by an affidavit submitted by defendant's trial counsel.

Defendant cites numerous instances of alleged incomplete cross-examination of various State witnesses. Defendant also contends his trial counsel failed to produce evidence and expert toxicological testimony which would have refuted the testimony of the State's expert witnesses. Finally, defendant argues his appellate counsel refused to raise certain issues on appeal which defendant believed were critical to the success of his appeal.

Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. (*People v. Reed* (1980), 84 Ill. App. 3d 1030, 405 N.E.2d 1065.) Defendant is not entitled to an evidentiary hearing as a matter of right, and a defendant has the burden of showing a substantial denial of constitutional rights supported by the record, affidavits, or other evidence. (*People v. Hawk* (1981), 93 Ill. App. 3d 175, 416 N.E.2d 717.) The claim of ineffective representation by counsel reaches constitutional dimensions only if the incompetent representation probably affected the outcome of the trial. (*People v. Royse* (1983), 99 Ill. 2d 163, 457 N.E.2d 1217.) Disputes as to trial tactics can never be the basis for post-conviction relief. (*People v. Edmonds* (1979), 79 Ill. App. 3d 33, 398 N.E.2d 230.) "When a defendant attacks competency of counsel for failing to call or contact certain witnesses, he must attach affidavits of these witnesses to his post-conviction petition and explain the significance of their testimony." *People v. Carmickle* (1981), 97 Ill. App. 3d 917, 920, 424 N.E.2d 78.

In the case at bar, defendant's allegations do not sustain his burden so as to require an evidentiary hearing. His allegations regarding counsel's cross-examination reveal nothing more than trial tactics. Furthermore, defendant's post-conviction petition is completely devoid of affidavits or supporting evidence regarding the expert testimony defendant asserts counsel should have elicited.

Regarding the allegations of incompetence of appellate counsel, the decision of appellate counsel not to raise certain issues will not be challenged unless his decision is clearly erroneous. (*People v. Martin* (1976), 38 Ill. App. 3d 209, 347 N.E.2d 200.) In the case at bar, there is absolutely no indication that appellate counsel was mistaken in his

decision to raise certain issues on appeal and not raise other issues. There is absolutely no showing by defendant that any alleged act of incompetence by his attorneys likely affected the outcome of his case. (*People v. Scott* (1981), 94 Ill. App. 3d 159, 418 N.E.2d 805.) We therefore conclude that the trial court did not abuse its discretion in granting the State's motion to dismiss defendant's petition without an evidentiary hearing.

For these reasons, the judgment appealed from is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.