THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES B. HENDERSON, Defendant-Appellant.

Fifth District    No. 5—89—0501

———

Opinion filed June 19, 1991.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Terry M. Green, Special Prosecutor, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

James Henderson was charged with armed robbery. After a stipulated bench trial, defendant was found guilty and sentenced to 15 years in the Department of Corrections. His conviction and sentence were affirmed on appeal by an unpublished order issued pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23) (*People v. Henderson* (1987), 162 Ill. App. 3d 1174, 528 N.E.2d 1117). Henderson then filed a *pro se* petition for post-conviction relief.

Included in Henderson's petition were allegations that: (1) the trial court erred in denying defendant's motion to quash arrest and suppress evidence; (2) trial counsel was ineffective for failure to move for severance of trials; (3) trial counsel was ineffective for entering into a stipulation that all the police reports and statements could be admitted into evidence when they contained inconsistencies; (4) trial counsel was ineffective for allowing Henderson to enter into a stipulated bench trial without presenting evidence in his defense; and (5) appellate counsel was ineffective for not raising these errors on direct appeal. The court appointed counsel to represent Henderson on his petition, and the State filed a motion to dismiss. At the hearing on the petition and the State's motion, defense counsel orally amended

defendant's petition, incorporating an allegation that the State failed to disclose an exculpatory letter from the defendant to the State. Defense counsel discovered the letter the morning of the hearing. The State's motion to dismiss was granted. Henderson appeals from the circuit court's order dismissing his petition.

Henderson raises two issues on appeal. The first is whether Henderson received adequate representation from his post-conviction counsel. The second issue presented is whether the trial court erred in finding that Henderson waived his argument that trial and original appellate counsel were ineffective because Henderson did not raise the issue on direct appeal.

■■ Pursuant to Supreme Court Rule 651(c), post-conviction counsel must make any amendments to the *pro se* petition that are necessary for adequate presentation of defendant's contentions. (134 Ill. 2d R. 651(c).) In this case counsel orally amended the petition, incorporating an allegation that defendant's rights to due process and equal protection were denied because of the State's failure to produce in discovery a letter allegedly exculpating Henderson. Defendant has not offered any recommendation as to how counsel could have otherwise improved the petition. The *pro se* petition is in fact well drafted and not conclusional. (See *People v. Alexander* (1990), 197 Ill. App. 3d 571, 573, 554 N.E.2d 1078, 1079.) Based on the foregoing, we cannot conclude that amendments were necessary for an adequate presentation of defendant's contentions.

■■ Supreme Court Rule 651(c) also mandates that the record in a post-conviction proceeding contain a showing that the petitioner's attorney consulted with petitioner as to his contentions of deprivation of constitutional rights, and that the attorney examined the record of the trial proceedings and made any amendments to the *pro se* petition necessary for adequate presentation of the petitioner's contentions. (134 Ill. 2d R. 651(c).) The record in this case does not contain a Rule 651(c) certificate, which is one method of establishing the showing required. In the absence of a certificate, compliance with the requirement of Rule 651(c) can be established from the record itself. (*People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55.) Our examination of the record, however, does not reveal such compliance. The record is devoid of any indication that counsel consulted with Henderson, other than defense counsel's general statement to the court at the post-conviction hearing that he spoke with the defendant. There is no indication that counsel's contact with the defendant was in any way to ascertain defendant's "contentions of deprivation of constitutional rights."

Rule 651(c) also requires that there be a showing on the record that post-conviction counsel examined the record of the proceedings at trial. Our review of the record establishes that post-conviction counsel was familiar with Henderson's petition, the State's motion to dismiss, and the Rule 23 order of this court in the direct appeal of this case. There is, however, no showing that counsel was familiar with the trial record. Absent an affirmative showing on the record, we cannot presume that post-conviction counsel fulfilled his obligation to review the trial record. See *Alexander*, 197 Ill. App. 3d at 573, 554 N.E.2d at 1079; *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55.

The purpose of the post-conviction proceeding is to permit inquiry into constitutional issues involved in the original conviction that have not already been adjudicated. (*People v. Stewart* (1988), 121 Ill. 2d 93, 104, 520 N.E.2d 348, 353, *cert. denied* (1988), 488 U.S. 900, 102 L. Ed. 2d 234, 109 S. Ct. 246, citing *People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, 833, *cert. denied* (1987), 484 U.S. 873, 98 L. Ed. 2d 163, 108 S. Ct. 212.) Rule 651(c) is not satisfied where counsel does not confer or communicate with the petitioner to ascertain his contentions of constitutional deprivations. (*People v. Owens* (1990), 139 Ill. 2d 351, 359, 564 N.E.2d 1184, 1187.) Absent a showing that post-conviction counsel fulfilled the requirements of Rule 651(c), we cannot find that Henderson was provided adequate post-conviction representation. This court orders the cause remanded to the trial court for an evidentiary hearing and a finding of fact by the trial court as to whether counsel complied with Rule 651(c).

Moving on to the second issue raised by Henderson, where a judgment is reversed on one ground, other grounds of reversal assigned will not ordinarily be passed on when the same questions in all probability will not arise on a retrial or subsequent appeal. (*Smith v. Metropolitan Sanitary District* (1978), 61 Ill. App. 3d 103, 377 N.E.2d 1088, 1091, citing *City of Chicago v. Callender* (1947), 396 Ill. 371, 71 N.E.2d 643.) Although our resolution of the first issue raised by Henderson requires that this cause be remanded for further post-conviction proceedings, we anticipate it arising again at the post-conviction hearing and on appeal. Therefore, in furtherance of judicial economy, we will address the issue of whether the trial court erred in finding that he waived his argument that trial and appellate counsel were ineffective.

■ Preliminarily, we find that certain allegations of ineffective assistance of counsel are neither waived nor barred by *res judicata*. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 641, 478 N.E.2d 31,

32.) With regard to his trial counsel, Henderson alleged in his post-conviction petition that his trial counsel was ineffective because he: (1) induced Henderson to waive a jury trial; (2) entered into a stipulation that all the police reports and statements could be admitted into evidence even though they contained inconsistencies; and (3) presented no evidence at the stipulated bench trial. Henderson admits in his brief on appeal that he assumed that he was proceeding with a stipulated bench trial. His contention on appeal, however, is that because no evidence was presented on his behalf and because no defense was presented, the proceeding was nothing more than an uncounseled guilty plea.

The record shows that on October 28, 1986, the parties filed with the court a document entitled "Bench Trial Stipulation" which sets forth the stipulation of the parties as to what the evidence would be in the presentation of a trial. During the stipulated bench trial proceedings, defense counsel offered no evidence on defendant's behalf and made no comments as to the stipulated evidence. Contrary to Henderson's argument, however, counsel did preserve a defense.

On October 10, 1986, defense counsel filed a motion to quash arrest and to suppress evidence. A stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense. (*People v. Horton* (1991), 143 Ill. 2d 11; *People v. Smith* (1974), 59 Ill. 2d 236, 319 N.E.2d 760; *People v. Hart* (1986), 144 Ill. App. 3d 103, 494 N.E.2d 226.) The stipulated bench trial in this case was not tantamount to a guilty plea because Henderson's counsel preserved the issue regarding the quashing of arrest and suppression of evidence. Therefore, we do not find that trial counsel was ineffective in the handling of the stipulated bench trial.

Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. (*Hanrahan*, 132 Ill. App. 3d at 641, 478 N.E.2d at 32.) Defendant is not entitled to an evidentiary hearing as a matter of right, and a defendant has the burden of showing a substantial denial of constitutional rights supported by the record, affidavits, or other evidence. (*People v. James* (1986), 111 Ill. 2d 283, 291, 489 N.E.2d 1350, 1354; *Hanrahan*, 132 Ill. App. 3d at 641, 478 N.E.2d at 32-33.) In view of our conclusion that Henderson's stipulated bench trial was not tantamount to a guilty plea, we find that as to this claim Henderson failed to sustain his burden of showing that he was the victim of a substantial denial of a constitutional right thereby entitling him to an evidentiary hearing on his post-conviction petition as to trial counsel's ineffectiveness.

■ Regarding Henderson's allegation that appellate counsel was ineffective, the decision of appellate counsel not to raise certain issues will not be challenged unless counsel's decision is clearly erroneous. (*People v. Martin* (1976), 38 Ill. App. 3d 209, 347 N.E.2d 200.) Counsel is not required to raise every nonfrivolous, or "colorable," claim. (*Jones v. Barnes* (1983), 463 U.S. 745, 77 L. Ed. 2d 987, 103 S. Ct. 3308.) The claim of ineffective representation by counsel reaches constitutional dimensions only if the incompetent representation probably affected the outcome of the case. (*People v. Royse* (1983), 99 Ill. 2d 163, 457 N.E.2d 1217.) As demonstrated above, appellate counsel's failure to raise the issue of whether Henderson's stipulated bench trial amounted to an uncounseled guilty plea would not have affected the outcome of Henderson's case. (See *People v. Scott* (1981), 94 Ill. App. 3d 159, 418 N.E.2d 805.) However, we cannot say at this juncture whether appellate counsel's failure to pursue the suppression of evidence issue on appeal would have affected the outcome of the case.

Trial counsel preserved the suppression of evidence issue at the stipulated bench trial. The sole issue raised by counsel on direct appeal concerned the alleged excessive sentence imposed. Appellate counsel did not raise the suppression of evidence issue. We find that the trial court should have conducted an evidentiary hearing on defendant's post-conviction petition. *Hanrahan*, 132 Ill. App. 3d 640, 478 N.E.2d 31.

In light of the foregoing, we reverse and remand to the trial court for (1) an evidentiary hearing and a finding of fact as to whether post-conviction counsel complied with Supreme Court Rule 651(c), and (2) an evidentiary hearing on defendant's post-conviction petition allegation that appellate counsel was ineffective for not raising the suppression of evidence issue on direct appeal, and any other matters the trial court deems appropriate.

Reversed and remanded with directions.

LEWIS and HOWERTON, JJ., concur.