THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VON E. JOHNSON, Defendant-Appellant.

Second District   No. 2—01—1431

Opinion filed May 15, 2003.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Alison J. Norwood, of Streamwood, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Stephen E. Norris and Patrick D. Daly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Following a jury trial in the circuit court of Winnebago County, defendant, Von E. Johnson, was found guilty of armed robbery (720 ILCS 5/18—2 (West 1994)), unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1994)), aggravated assault (720 ILCS 5/12—2(a)(1) (West 1994)), and aggravated battery of a senior citizen (720 ILCS 5/12—4.6 (West 1994)). He was sentenced to concurrent 30-year terms of imprisonment for each offense. We affirmed defendant's convictions and sentences on direct appeal. *People v. Johnson*, No. 2—99—0646 (2000) (unpublished order under Supreme Court Rule 23). Defendant later filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). The trial court appointed counsel for defendant, but later granted the State's motion to dismiss the petition. On appeal, defendant argues that he did not receive reasonable assistance of counsel in the postconviction proceedings in conformity with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) and that he was entitled to an evidentiary hearing on two of his postconviction claims. We reverse and remand.

Defendant's convictions were based on evidence of his participation in an attack on a 63-year-old man outside a restaurant in Rockford. Defendant's *pro se* postconviction petition, filed on May 7,

2001, raised four claims. First, defendant claimed that he received ineffective assistance of counsel at trial because his attorney failed to inform him that the State had offered a plea bargain under which defendant would receive a 20-year prison sentence. Second, defendant claimed that he received ineffective assistance of counsel because his attorney was aware that defendant's parents could supply an alibi but he failed to call them to testify at trial. Third, defendant claimed that in sentencing defendant, the trial court improperly considered "unproven testimony" of the victim's injuries. Defendant's fourth claim—that his sentence was an abuse of discretion—was essentially the same as the third claim. In support of the petition, defendant submitted his own affidavit averring that his attorney had failed to convey the State's plea offer to him and had refused to contact defendant's parents even though defendant told the attorney that his parents would testify that defendant was at home when the crimes occurred.

On June 6, 2001, the trial court ruled that defendant's petition "is not frivolous, it does raise issues that may be of a constitutional nature." The court appointed attorney Frank Martinez to represent defendant, and the State later filed a motion to dismiss the petition, arguing that the issues raised in the petition could and should have been raised on direct appeal. On September 24, 2001, the date the motion to dismiss was originally set to be heard, the following exchange occurred:

"MR. MARTINEZ: It's a post-conviction filed by Mr. Johnson, who is in the Department of Corrections.

I have conducted an investigation, ordered the transcript, reviewed the transcripts, interviewed defense counsel, Wendell Coates. I have interviewed a witness, Mr. Johnson, that would be an alibi witness that would have been the father, Lee Johnson.

My findings are the first two allegations in Mr. Johnson's post-conviction are completely contradicted by his own witness. I don't believe they will be included in a [sic] amended petition I'm going to file.

The second two I don't think rise up to a constitutional violation; however, I will include them in an amended petition that the Court would review, and there is a motion to dismiss his petition pending. I assume it will apply to my amended motion.

I think the remaining two I would like to set this on either status call or a short oral argument hearing date or not necessarily a court date, but an oral argument hearing date to resolve the matter.

THE COURT: And are you asking that your client be writted to the court for that?

MR. MARTINEZ: Judge, I don't writ clients back unless there's an evidentiary hearing. Although I've only spoken to him once on the phone, I don't have—so far I don't have any plans to go actually to speak to him, because I understand the issues, and I have been very thorough in reviewing the history of the case, so generally for those oral argument cases I just leave them there. If the Court wishes him here, I don't have a problem writting him, I don't have a problem issuing a writ.

THE COURT: I think it is best where there are issues presented such as you mentioned by your client he may have an interest in."

The motion to dismiss was continued to November 19, 2001. No amended postconviction petition was filed, and defendant was not personally present at the November 19, 2001, hearing. At the hearing, attorney Martinez indicated that he had not filed an amended petition because after interviewing defendant's father and trial attorney he could not find reasonable grounds to amend the *pro se* petition. The trial court inquired whether postconviction counsel had learned whether a plea offer had been made to defendant. Counsel responded:

"I checked my notes, not only was the plea offer conveyed to Mr. Johnson, but in my conversation with Mr. Johnson's father, it was conveyed to Mr. Johnson's father and Mr. Johnson's father attempted to persuade Mr. Johnson to take the plea before the trial.

So as an officer of the court, I really can't proceed on something that I have found clearly is not the case."

The trial court granted the State's motion to dismiss on the basis that all of defendant's postconviction claims could have been raised on direct appeal. This appeal followed.

■ We begin our analysis with a brief summary of the general principles governing postconviction proceedings. As our supreme court has noted:

"The Post-Conviction Hearing Act *** provides a remedy by which defendants may challenge their convictions or sentences for violations of federal or state constitutional law. [Citations.] *** The purpose of the proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal. [Citations.] Thus, *res judicata* bars consideration of issues that were raised and decided on direct appeal, and issues that could have been presented on direct appeal, but were not, are considered waived. [Citations.]" *People v. Barrow*, 195 Ill. 2d 506, 518-19 (2001).

Initially, the trial court independently reviews a postconviction petition and may summarily dismiss the petition if it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2000). Otherwise, the State must answer or move to dismiss the petition, and

if the petition is not dismissed on the State's motion, it ordinarily proceeds to an evidentiary hearing. 725 ILCS 5/122—5, 122—6 (West 2000).

■ We first consider defendant's argument that he did not receive reasonable assistance from postconviction counsel. There is no constitutional right to counsel in postconviction proceedings (*People v. McNeal*, 194 Ill. 2d 135, 142 (2000)), but the Act affords an indigent defendant a statutory right to appointed counsel if his or her petition is not summarily dismissed (725 ILCS 5/122—4 (West 2000)). The defendant is entitled to "reasonable assistance" from counsel (*People v. Robinson*, 324 Ill. App. 3d 553, 556 (2001)), which includes compliance with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)) (*Robinson*, 324 Ill. App. 3d at 556). Under Rule 651(c) the record on appeal must "contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

■ Here, the record does not show compliance with the requirement that counsel consult with defendant "to ascertain his contentions of deprivation of constitutional rights." 134 Ill. 2d R. 651(c). Attorney Martinez did not file a certificate of compliance with Rule 651(c) and the only reference in the record to any communication with defendant is Martinez's statement in court that he had spoken to defendant only once on the telephone and had no plans "to go actually to speak to him." The record does not reveal what was discussed during this single telephone conversation. The circumstances are similar to those in *People v. Henderson*, 215 Ill. App. 3d 24 (1991). In *Henderson*, the court held that postconviction counsel failed to comply with Rule 651(c)'s consultation requirement where the record was "devoid of any indication that counsel consulted with [the defendant], *other than defense counsel's general statement to the court at the post[ ]conviction hearing that he spoke with the defendant.*" (Emphasis added.) *Henderson*, 215 Ill. App. 3d at 26. The *Henderson* court specifically noted that there was "no indication that counsel's contact with the defendant was in any way to ascertain defendant's 'contentions of deprivation of constitutional rights.' " *Henderson*, 215 Ill. App. 3d at 26, quoting 134 Ill. 2d R. 651(c). The same is true here. Accordingly, the cause must be remanded for counsel to comply with Rule 651(c).

■ We next consider defendant's argument that the trial court erred in dismissing the two claims in his petition alleging ineffective

assistance of counsel. The trial court dismissed these claims on the basis that they could have been raised on defendant's direct appeal, but were not, and were therefore waived. The State acknowledges that the trial court's analysis was incorrect because these claims depended on facts outside the trial record and thus could *not* have been asserted on defendant's direct appeal. Nonetheless, the State urges us to affirm the trial court's judgment on the alternative basis that because postconviction counsel advised the court that the claims were "factually nonmeritorious," the claims were "*de facto* withdrawn from the defendant's petition." We disagree. Notwithstanding counsel's defeatism, we find no clear indication of an intent to withdraw defendant's *pro se* claims. More importantly, because the record does not reflect that counsel complied with his obligation to consult with defendant to ascertain his contentions of deprivation of constitutional rights, any such "*de facto* withdrawal" is tainted by counsel's failure to consult with his client. We also note that, given the procedural posture of the case, it was improper for counsel to volunteer the information that defendant's father and trial counsel would refute defendant's claims. The matter was before the court on the State's motion to dismiss, which is not designed to resolve factual disputes. Rather, where the State seeks dismissal of a postconviction petition instead of filing an answer, its motion to dismiss assumes the truth of the allegations to which it is directed and challenges only their legal sufficiency. *People v. Ward*, 187 Ill. 2d 249, 255 (1999). "All well-pleaded facts in the petition and in the supporting affidavits are to be taken as true." *Ward*, 187 Ill. 2d at 255.

For the foregoing reasons, we reverse the dismissal of defendant's postconviction claims alleging ineffective assistance of counsel and remand for an evidentiary hearing on those claims. On remand, counsel is directed to comply with the requirements of Rule 651(c) and, in particular, should amend defendant's petition, as appropriate, after consulting with defendant to ascertain his contentions of deprivation of constitutional rights.

Reversed and remanded with directions.

GROMETER and KAPALA, JJ., concur.