NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 190004-U

NO. 4-19-0004

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 6, 2019
Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| GARY MATTHEW SAMELA, | ) | No. 13CF1416 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw and affirmed the trial court's denial of defendant's postconviction petition where no meritorious argument existed that the court's denial of third-stage relief was manifestly erroneous or that postconviction counsel failed to comply with Rule 651(c).

¶ 2       This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on appeal on the ground no meritorious issues can be raised in this case. For the following reasons, we grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4       In October 2013, the State charged defendant with failure to register in accordance with the Sex Offender Registration Act (1) within three days of establishing an Internet protocol address (count I), (2) within three days of establishing a cellular telephone

number (count II), (3) within three days of establishing a second cellular telephone number (count III), and (4) with the Bloomington police department when he was temporarily absent from his current address for three or more days (count IV). 730 ILCS 150/3(a) (West 2012). The State also charged defendant with child photography by a sex offender (count V) (720 ILCS 5/11-24(b)(3) (West 2012)), and distribution of harmful material (count VI) (720 ILCS 5/11-21(b)(1)(A) (West 2012)).

¶ 5　　　　In April 2014, defendant entered an open guilty plea to counts I through IV, and the trial court dismissed counts V and VI. The court sentenced defendant to concurrent terms of 14 years' imprisonment on each of the four counts. The court fully admonished defendant as to his appeal rights, including the requirement that he file either a written postsentencing motion to reconsider the sentence or to withdraw the guilty plea, in the trial court. Ill. S. Ct. R. 605 (eff. Oct. 1, 2001). In September 2014, defendant filed a *pro se* late notice of appeal. In February 2015, this court granted appointed counsel's motion to dismiss the appeal.

¶ 6　　　　In April 2015, defendant filed a *pro se* postconviction petition. The petition alleged (1) trial counsel was ineffective for failing to file the necessary postplea motions to allow defendant to challenge his sentence, (2) appellate counsel was ineffective for failing to amend the notice of appeal to include the claim of ineffective assistance of trial counsel, (3) appellate counsel was ineffective for filing a motion to dismiss the appeal instead of filing a motion to withdraw as counsel, and (4) the trial court erred by considering inappropriate aggravating factors and imposing an excessive sentence. In June 2015, the trial court dismissed defendant's postconviction petition at the first stage of proceedings. On appeal, this court concluded defendant's postconviction petition stated at least an arguable claim that trial counsel's performance was deficient. Accordingly, this court reversed the summary dismissal of the

postconviction petition and remanded for further proceedings. *People v. Samela*, 2017 IL App (4th) 150589-U, ¶¶ 19-20.

¶ 7        On remand, counsel filed an amended postconviction petition alleging trial counsel provided ineffective assistance when he failed to perfect an appeal for defendant. Nothing in the record indicated trial counsel reviewed the plea and sentencing proceedings for grounds for a postplea motion, and defendant's *pro se* late notice of appeal demonstrated he wished to pursue an appeal. Counsel attached defendant's affidavit to the amended petition wherein defendant stated (1) he told trial counsel he wished to appeal and (2) he did not have the means to file the appropriate motions because he was transferred and had no access to resources.

¶ 8        Counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certifying she consulted with defendant to determine his contentions of deprivations of his rights, detailing her communications with defendant, and stating she examined the record and made amendments necessary for adequate presentation of defendant's claims. The State filed an answer, and the matter was set for a third-stage evidentiary hearing.

¶ 9        Defendant testified he told counsel both before and after sentencing that he wanted to appeal. Defendant felt counsel did not fight hard enough to get his sentence reduced. According to defendant, he stayed in the McLean County jail for a couple of extra days before he was transferred to Stateville Correctional Center. Defendant did not have time to file the necessary postsentencing motions while in McLean County, and he did not have access to supplies or the law library at Stateville. During this time, defendant believed his trial counsel was going to appeal everything. Once defendant was transferred to Pontiac Correctional Center, he filed a late notice of appeal and testified, "within that I did write, you know reconsider

sentencing." Defendant acknowledged the judge informed him of his appeal rights at the sentencing hearing and he understood he first needed to file a motion to reconsider the sentence.

¶ 10 On cross-examination, defendant testified he did not tell counsel he wanted to appeal prior to the sentencing hearing. According to defendant, he sent counsel six or seven letters informing counsel he wanted to appeal. Defendant testified he did not inform the court that he was requesting a motion to reconsider or an appeal because he was scared and crying. However, he asked counsel if he could stay in the McLean County jail to finish a program. Trial counsel immediately made an oral motion for leave for defendant to stay in jail, which the trial court granted.

¶ 11 On redirect, defendant testified he wrote counsel letters prior to sentencing informing counsel of his desire to appeal because he had not reviewed discovery and thought he was not doing the right thing. After the sentencing hearing, defendant told counsel he wanted to appeal. When asked what exactly he wished to appeal, defendant testified, "I would say more really the sentence reduction. At that point I was just so fed up. I know the facts. I know what I did. And I was just more saying I want to appeal."

¶ 12 Trial counsel Brian McEldowney testified he handled thousands of guilty pleas in his 22 years with the public defender's office. McEldowney testified he made himself available to answer any questions regarding the court's admonishments about the right to appeal. If his client voiced a desire to appeal at the time of sentencing, McEldowney "would make that a matter of record routinely." McEldowney would inform the court that he intended to file a motion consistent with the defendant's wishes. If a client expressed a desire to appeal after sentencing and outside the presence of the judge, McEldowney "would immediately make a notation on the file and see to it that a written motion was prepared." McEldowney reviewed

defendant's file and found no documentation of defendant's request for an appeal. McEldowney testified he did not recall defendant making an oral request for an appeal after the sentencing hearing. According to McEldowney, defendant sent him numerous letters while the case was pending but he received no correspondence from defendant after the sentencing hearing. If defendant had requested an appeal, McEldowney would have asked additional questions to determine whether he would need to file a motion to withdraw the plea or a motion to reconsider the sentence. McEldowney testified he did not file any postsentencing motions or a notice of appeal because defendant did not ask that he do so.

¶ 13        The State asked the trial court to take judicial notice of defendant's prior felony conviction for impeachment purposes. The defense did not object.

¶ 14        After hearing argument, the trial court issued a written order denying defendant's postconviction petition. The written order summarized the testimony from defendant and McEldowney. The court found no evidence of deficient performance or prejudice. The court credited McEldowney's testimony that defendant did not request an appeal and his file had no indication defendant wanted to appeal. McEldowney's testimony rebutted defendant's inconsistent testimony as to when and how he asked McEldowney to appeal. The court found defendant's testimony that he had no access to writing materials in McLean County jail or Stateville incredible.

¶ 15        This appeal followed. On appeal, OSAD, appointed counsel for defendant, filed a motion for leave to withdraw as defendant's counsel and attached a memorandum of law, citing *People v. Kuehner*, 2015 IL 117695, ¶¶ 15, 21, 32 N.E.3d 655. On its own motion, this court granted defendant leave to file additional points and authorities by May 15, 2019. Defendant has not done so.

¶ 16                                    II. ANALYSIS

¶ 17            OSAD indicates it has reviewed the record and concluded any request for review

would be without merit.  OSAD argues the trial court's decision denying third-stage

postconviction relief was not manifestly erroneous and postconviction counsel complied with

Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 18                    A. Third-Stage Denial of Postconviction Relief

¶ 19            The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2018))

provides a three-stage process by which a defendant may obtain relief for the substantial denial

of his constitutional rights at trial.  During the first stage, within 90 days of the filing of the

petition, the trial court determines whether the petition states an arguable claim.  725 ILCS

5/122-2.1 (West 2018).  If the court does not dismiss the petition pursuant to section 122-2.1, the

petition is docketed for further consideration and proceeds to stage two of the postconviction

process.  *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996).  At the third

stage, the matter proceeds to an evidentiary hearing where the trial court must determine whether

the defendant has met his burden of establishing a substantial deprivation of constitutional rights.

*People v. Griffin*, 109 Ill. 2d 293, 303, 487 N.E.2d 599, 603 (1985).  Following a third-stage

hearing, the trial court's decision will be reversed only if it was manifestly erroneous.  *Id.*  We

find manifest error only where the court's decision is "arbitrary, unreasonable and not based on

the evidence."  *People v. Wells*, 182 Ill. 2d 471, 481, 696 N.E.2d 303, 308 (1998).  Put another

way, we will reverse only if the opposite conclusion is clearly evident, plain, and indisputable.

*People v. Morgan*, 212 Ill. 2d 148, 155, 817 N.E.2d 524, 528 (2004).

¶ 20            Defendant's only postconviction claim was that trial counsel provided ineffective

assistance by failing to act on defendant's desire to appeal.  To prevail on a claim of ineffective

assistance of counsel, a defendant must show counsel's performance fell below an objective standard of reasonableness and, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

¶ 21 Following the evidentiary hearing, the trial court made credibility determinations and found defendant did not communicate his desire to appeal to McEldowney. McEldowney testified defendant never asked to appeal his guilty plea or his sentence. He further testified there were no notes in defendant's file indicating a desire to appeal. Although defendant testified he communicated his desire to appeal, his testimony was inconsistent where he claimed he communicated his desire to his attorney both before and after the sentencing hearing orally and in writing. Defendant also testified he did not communicate his desire to appeal in writing after the sentencing hearing because he had no access to resources such as paper. The court found defendant's testimony incredible. Moreover, the record shows defendant was properly admonished as to his appeal rights and he acknowledged he understood what postsentencing motions were necessary to perfect an appeal.

¶ 22 The trial court's findings are not indisputably wrong. Rather, the findings are based on the evidence presented at the hearing. The trial court was in the best position to listen to the testimony and make credibility determinations. *People v. Guerrero*, 2012 IL 112020, ¶ 19, 963 N.E.2d 909. Accordingly, we cannot say the trial court's decision was manifestly erroneous. Thus, we agree with OSAD that no meritorious argument regarding the denial of third-stage postconviction proceedings may be raised for review.

¶ 23                     B. Reasonable Assistance of Counsel

¶ 24 Although a defendant has no constitutional right to counsel in postconviction proceedings, he or she is entitled to a reasonable level of assistance from counsel. *People v.*

*Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 728 (1999). Appointed postconviction counsel must comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). *People v. Johnson*, 338 Ill. App. 3d 1004, 1008, 789 N.E.2d 927, 930 (2003). Rule 651(c) provides, in part, as follows:

> "The record filed in [the reviewing] court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

The filing of a Rule 651(c) certificate creates a presumption that postconviction counsel provided a reasonable level of assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200.

¶ 25        Here, counsel filed a certificate stating she consulted with defendant by letter, telephone, and in person to ascertain his claims of constitutional deprivation and listed the dates those communications took place. Counsel further certified she reviewed the record and made amendments to defendant's petition as necessary to adequately present his claims. Nothing in the record rebuts counsel's assertions in the Rule 651(c) certificate. Rather, the record shows counsel prepared an amended petition, examined defendant as a witness, cross-examined the State's witness, and argued on defendant's behalf.

¶ 26    Based on the foregoing, we conclude there is no basis to argue counsel provided unreasonable assistance in postconviction proceedings.  Accordingly, we conclude there are no meritorious arguments OSAD can make on review and we grant the motion to withdraw as counsel.

¶ 27                              III. CONCLUSION

¶ 28    For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal and affirm the trial court's judgment.

¶ 29    Affirmed.