NOTICE

Decision filed 04/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210078-U

NO. 5-21-0078

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 10-CF-740 |
| | ) | |
| CHRISTOPHER WILLIS, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The order of the circuit court of St. Clair County dismissing the defendant's postconviction petition at the second stage is affirmed where the defendant failed to rebut the presumption that he received reasonable assistance of counsel where counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) and where the trial court's finding that the defendant failed to show that his untimely filing of his *pro se* postconviction petition was not due to his own culpable negligence was not manifestly erroneous.

¶ 2    This is an appeal from the circuit court of St. Clair County. The defendant, Christopher Willis, appeals the dismissal of his postconviction petition at the second stage. The defendant argues that remand is warranted where the record demonstrates that he was denied reasonable assistance of counsel and where postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the reasons that follow, we affirm.

1

¶ 3                                   I. BACKGROUND

¶ 4    Following a jury trial, the defendant was found guilty of one count of aggravated criminal sexual assault and two counts of aggravated criminal sexual abuse. He was sentenced to a consecutive sentence of 24 years' imprisonment on the sexual assault charge and two concurrent sentences of 4 years' imprisonment on each of the sexual abuse charges. On direct appeal, this court affirmed his convictions and sentences. See *People v. Willis*, 2013 IL App (5th) 110535-U.

¶ 5    On May 14, 2018, the defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). The petition asserted the following: (1) that his trial counsel was ineffective where counsel failed to object to the taking of DNA samples from the defendant prior to the appointment of counsel, and where counsel failed to object to testimony that the defendant's fingerprint was found on the retrieved weapon despite documentation to the contrary; (2) that his statement was made without counsel present, due to officers claiming he had waived his right to counsel, in violation of the Juvenile Court Act; and (3) that any evidence taken from him on the night of his arrest was fruit of the poisonous tree as he was a juvenile but was not appointed counsel at the time of his statement.

¶ 6    On July 31, 2018, the trial court entered a written order finding that the defendant's petition set forth the gist of a constitutional claim in that he was denied effective assistance of counsel. The court further found that the petition appeared to be untimely pursuant to section 122-1(c) of the Act (*id.* § 122-1(c)), but the defendant would be given the opportunity to establish that the delay was not the result of his culpable negligence as the petition had not advanced to the second stage. The court appointed counsel for the defendant, and the petition moved to second-stage proceedings. On October 3, 2018, the court entered an order granting the defendant leave to file an amended petition, and the State was given 30 days to respond.

¶ 7     On October 4, 2019, the defendant, through his counsel, filed an amended petition for postconviction relief. The amended petition alleged that the defendant's trial counsel was ineffective where (1) counsel failed to introduce or argue DNA/fingerprint evidence that was favorable to the defendant's case, (2) counsel failed to determine whether the defendant was mentally competent to stand trial, (3) counsel failed to file a motion to suppress the illegal obtaining of evidence by investigating officers, (4) the defendant's sentence was excessive, and (5) there was an insufficient factual basis for the conviction of aggravated criminal sexual assault and aggravated criminal sexual abuse. Attached to the amended petition was his counsel's certificate of compliance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 8     On November 8, 2019, the State filed a motion to dismiss the defendant's amended petition for postconviction relief. The State argued that the petition should be dismissed as it was untimely, and the defendant failed to show that the delay was not the result of his culpable negligence; the defendant's trial counsel was not ineffective under the *Strickland* standard as the defendant could not establish that he was prejudiced by counsel's performance; the defendant's sentence was not excessive as the sentences on all three counts were within the statutory limits; and there was a sufficient factual basis for the conviction of aggravated criminal sexual assault and aggravated criminal sexual abuse.

¶ 9     On December 9, 2019, the defendant, through counsel, filed a response to the State's motion to dismiss the amended postconviction petition on the timeliness issue only. The response asserted that the defendant's delay in filing the *pro se* petition was not the result of his culpable negligence because, due to mental and psychological issues, he was unable to prepare a postconviction petition without assistance, and he was unable to obtain assistance because he was in segregation and frequently denied access to the law library. Specifically, since the time of his

convictions, he had been diagnosed with schizophrenia, and his mental disorder caused him to act in a manner that resulted in his being placed in segregation, which prevented him from gaining access to the law library for purposes of seeking assistance in the investigating, researching, and drafting of his *pro se* postconviction petition. On other occasions, the defendant was also denied access by prison personnel without cause or explanation. These conditions resulted in the defendant being unable to file his petition any sooner than May 14, 2018, and therefore the untimely filing was not the result of his own culpable negligence.

¶ 10    On January 30, 2020, the trial court held a hearing on the State's motion to dismiss the defendant's amended petition for postconviction relief. After hearing argument, the court found that the defendant's diagnosis of schizophrenia was in 2012, but the defendant did not file his petition until 2018. The defendant was not specific in his filings as to when the law library was on lockdown or for how long. Additionally, the defendant told his therapist on September 9, 2013, that, with regard to his mental health, he was having more good days than bad days. The court, in making its decision, found that considering the defendant reported having more good days than bad, he should have had enough good days to file his petition sooner than May 2018. The court further found that the defendant had not refuted the court's finding that he was culpably negligent in failing to timely file his *pro se* postconviction petition. Alternatively, the court found that the defendant waived any argument that his trial counsel was ineffective where he failed to raise that issue on direct appeal. The court therefore granted the State's motion to dismiss. Following the hearing, the court entered a written order granting the State's motion to dismiss for the reasons stated on the record following the hearing. The defendant appeals.

4

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, the defendant argues that the dismissal of his petition at the second-stage proceedings should be reversed where his postconviction counsel failed to provide reasonable assistance and where postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 13    A defendant does not have a constitutional right to counsel in postconviction proceedings. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). The right to counsel is wholly statutory, and a defendant is only entitled to the level of assistance provided for in the Act (725 ILCS 5/122-1 *et seq*. (West 2016)). *Suarez*, 224 Ill. 2d at 42.

¶ 14    The Act provides a collateral means for a defendant to challenge a conviction or sentence for a substantial violation of a federal or state constitutional right. *People v. Bailey*, 2017 IL 121450, ¶ 17. The Act establishes a three-stage process for adjudicating a postconviction petition. *Id*. ¶ 18. At the first stage of the postconviction proceedings, the trial court must determine, without any input from the State, whether defendant's petition is frivolous or patently without merit. *Id*.; 725 ILCS 5/122-2.1(a)(2) (West 2016). If the petition is not dismissed at the first stage, the petition must be docketed for further consideration. 725 ILCS 5/122-2.1(b) (West 2016).

¶ 15    At the second stage, the trial court must determine whether defendant is indigent and, if so, whether he wishes to have counsel appointed to represent him. *Id*. § 122-4.

¶ 16    If counsel is appointed, and after they have made any necessary amendments to the petition, the State may file a motion to dismiss. *Id*. § 122-5; *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶ 13. At the second stage, the trial court determines whether defendant has made a substantial showing of a constitutional violation, and, if a substantial showing is made, the petition

proceeds to the third stage for an evidentiary hearing; if no substantial showing is made, the petition is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 17    Although, as stated above, the Act provides for the appointment of counsel at an indigent petitioner's request when a petition reaches the second stage of proceedings (725 ILCS 5/122-4 (West 2016)), defendant does not have a constitutional right to effective assistance of counsel at a postconviction proceeding. *People v. Moore*, 189 Ill. 2d 521, 541 (2000). Instead, the Act provides a statutory right to "a reasonable level of assistance by appointed counsel." *Id*. One aspect of reasonable assistance is substantial compliance with Rule 651(c). *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19. Compliance with Rule 651(c) may be shown by the filing of a certificate of counsel. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. We review counsel's compliance with Rule 651(c) *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 18    Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) imposes certain duties on postconviction counsel to ensure that defendant receives a reasonable level of assistance under the Act. *Id*. Rule 651(c) requires that postconviction counsel certify, or the record affirmatively show, that counsel: (1) consulted with defendant either in person or by mail to ascertain his contentions of the deprivation of constitutional rights, (2) examined the trial record, and (3) amended the postconviction petition if necessary to adequately present defendant's claims. *People v. Johnson*, 338 Ill. App. 3d 1004, 1008 (2003). At issue here is whether counsel failed to examine the trial record, failed to allege ineffective assistance of appellate counsel to overcome a procedural bar, or failed to make the necessary amendments to shape the defendant's legal arguments, as required by the rule.

6

¶ 19    As to postconviction counsel's compliance with Rule 651(c), the defendant cites to counsel's allegation in the amended petition that trial counsel was ineffective for failing to file a motion to suppress illegally obtained evidence as proof that postconviction counsel did not examine the trial record where trial counsel did in fact file a motion to suppress the defendant's confession. However, we cannot say that this fact alone rebuts the presumption that postconviction counsel complied with Rule 651(c) as there may have been some variation in what postconviction counsel thought should have been included in the motion to suppress and the motion actually filed by trial counsel. Therefore, we find that the defendant has not rebutted the presumption that postconviction counsel complied with Rule 651(c).

¶ 20    Next, the defendant argues that postconviction counsel provided unreasonable assistance where counsel failed to allege that appellate counsel was ineffective, a procedural bar that had to be overcome in order for the trial court to consider the amended postconviction petition on the merits. In dismissing the defendant's petition, the court stated that the claims raised in the defendant's postconviction petition alleging that trial counsel was ineffective were forfeited where those claims could have been brought in the defendant's direct appeal. The defendant cites to *People v. Perkins*, 229 Ill. 2d 34 (2007), in arguing that appointed counsel's failure to amend a defendant's *pro se* petition to avoid a procedural bar is grounds for remand. However, the court's finding that the arguments made in the defendant's amended postconviction petition were waived, as they could have been brought in the direct appeal, was a finding in the alternative. As we will discuss below, we find that the defendant's failure to file a timely *pro se* petition is sufficient grounds for us to affirm the court's dismissal of the defendant's amended petition. Therefore, we refuse to address this argument further.

7

¶ 21    Similarly, the defendant argues that he was denied reasonable assistance of counsel where, in the amended petition, counsel added an allegation not contained in the *pro se* petition that the defendant's sentence was excessive but failed to support the claim with facts or evidence. Though the defendant claims that the allegation was too conclusory, he points to nothing in the record that counsel omitted that would have supported a claim that the sentence was excessive. Additionally, this was not a claim contained in the *pro se* petition filed by the defendant that counsel failed to shape or amend.

¶ 22    Next, the defendant argues that he was denied reasonable assistance of counsel where counsel failed to allege that his late filing of his postconviction petition was not due to his own culpable negligence. In general, under the Act, "If a petition for *certiorari* is not filed [with the United States Supreme Court], no proceedings under this Article shall be commenced more than 6 months from the date for filing a *certiorari* petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2016). Here, it is undisputed that the defendant's filing of his *pro se* petition was untimely. Therefore, the question before us is whether the delay was due to the defendant's culpable negligence.

¶ 23    "Culpable negligence has been defined as '[n]egligent conduct that, while not intentional, involves a disregard of the consequences likely to result from one's actions.' [Citation.] Culpable negligence has also been defined as 'something more than negligence' involving 'an indifference to, or disregard of, consequences.' [Citation.]" *People v. Boclair*, 202 Ill. 2d 89, 106 (2002). In order for defendant to show a lack of culpable negligence, he must allege facts justifying the delay. *People v. Bates*, 124 Ill. 2d 81, 88 (1988). The decision of a trial court as to whether the delay was due to defendant's culpable negligence will only be reversed if the determination was manifestly

8

erroneous. *People v. Caballero*, 179 Ill. 2d 205, 214 (1997). "Lack of culpable negligence is very difficult to establish." *People v. Turner*, 337 Ill. App. 3d 80, 86 (2003).

¶ 24 Here, the defendant claims that postconviction counsel failed to provide reasonable assistance and failed to comply with Rule 651(c) where counsel failed to explain why the delay was not due to his own culpable negligence in the amended postconviction petition and where counsel was too general in explaining why the defendant's delay was not due to his culpable negligence. He relies on the court's statements regarding the lack of specificity as to when the prison was on lockdown and when the defendant was in solitary confinement. However, the court also stated that:

> "Additionally, the defendant told his therapist on September 9, 2013, that with regard to his mental health, he was having more good days than bad days. Considering the petition should have been filed within three [*sic*] years, but the defendant took six and ½ years to file, and considering he was having more good days than bad, he should have had enough good days within those 6 and ½ years to file his petition earlier."

¶ 25 Based on our review of the record, and the statements of the court, we cannot find that its decision was manifestly erroneous. We likewise find that the court's statements do not rebut the presumption that counsel complied with Rule 651(c) in filing a certificate of compliance. Therefore, we find that the defendant was not denied reasonable assistance of counsel where counsel filed a Rule 651(c) certificate of compliance, and where the defendant has failed to rebut the presumption arising from said filing.

¶ 26                                    III. CONCLUSION

¶ 27 Based on the foregoing, we affirm the second-stage dismissal of the defendant's amended postconviction petition.

¶ 28 Affirmed.

9